HIRAM W. BERRY, Administrator, in equity, *vs.* ALBION K. P. BERRY, and another.

Oxford.      Opinion June 25, 1892.

*Husband and Wife. Equity. Pension money. R. S., c. 61, § 1;*
*R. S., of U. S. § 4747.*

By virtue of R. S., c. 61, § 1, property conveyed to the wife, but paid for by the husband, may be taken as the property of her husband, to pay his debts contracted before such purchase.

84  541
87  582
84  541
90  382
84  541
98  507
84  541
103   75

Proceeds from the sale of farm products arising from the joint labor of husband and wife on lands of the husband are the property of the husband.

It is no defense to a bill in equity, seeking payment of the husband's pre-existing debt from lands conveyed to the wife by him, that the purchase was made with his pension money.

The burden is upon the appellant to show error in the decision of a single justice in matters of fact, in an equity hearing.

*Sampson* v. *Alexander,* 66 Maine, 185, affirmed.

*Young* v. *Witham,* 75 Maine, 536, affirmed.

*Friend* v. *Garcelon,* 77 Maine, 25, affirmed.

ON APPEAL.

Hearing in equity on bill, answers, and testimony, a decree in favor of the plaintiff having been rendered by the single justice, who heard the cause in the court below.

The bill, after reciting the recovery of a judgment by the plaintiff's intestate at the September term, A. D., 1875, of this court in Oxford county, alleges "that on the third day of May, A. D., 1883, the said Albion K. P. Berry contracted for and purchased a farm of John J. Holman of Dixfield, in the county of Oxford, to wit : The farm on which the said Albion K. P. Berry now resides with his family, &c., for the consideration of twelve hundred dollars, and then and there paid the said John J. Holman the sum of nine hundred dollars for the same farm with his own money or caused and furnished the money to be so paid, and then and there caused the said real estate to be conveyed by said John J. Holman to said Lizzie T. Berry, who then was, ever since has been and now is the lawful wife of said Albion K. P. Berry, with intent to cheat and defraud the said plaintiff in his said capacity of his said debt or judgment, and she the said Lizzie T. Berry, well knowing the premises but intending to aid her said husband in so cheating and defrauding the plaintiff and then having no property of her own gave her promissory note to said John J. Holman for the sum of three hundred dollars and a mortgage of said real estate to secure the same, as the balance of the consideration of said purchase. Also on the tenth day of September, A. D., 1883, a second writ of execution was issued on said judgment which was put into the hands of Oscar F. Trask, an officer duly qualified to serve the same, who afterwards returned the same into said

court in no part satisfied, with his indorsement thereon that he was unable to find any goods or estate of the said debtor in his precinct wherewith to satisfy the same; and whereas your petitioner has no remedy at law by which he can obtain the interest of said Albion K. P. Berry in said real estate to satisfy his judgment and execution, he prays that he may be heard in equity and that the court will decree a conveyance of so much of said real estate as may be necessary for the payment of said execution and judgment, in case it shall be ascertained that said mortgage is paid, or decree that the right of redeeming the same real estate from said mortgage may be levied upon and sold at auction, and such other relief as the plaintiff may be entitled to in equity."   [Decree]   .   .   .   "If the respondents neglect and refuse to pay the plaintiff the amount of said judgment and costs of this suit on or before said first day of August, then a master shall be appointed who shall appraise and set off to the plaintiff so much of the estate, described in the plaintiff's bill as will be equal in value to the sum due on said judgment and costs of this suit above the mortgage existing upon said premises; a suitable conveyance from respondents to the complainant to be made, unless an amount equivalent to the amount of the appraisal shall be paid to the complainant, or secured to him, by the respondents, upon such terms as a single judge may settle when the master's report comes in.    WILLIAM WIRT VIRGIN,

Justice S. J. C. Presiding."

*L. H. Ludden*, for plaintiff.

*H. A. Randall*, for defendants.

The husband may prefer his wife as a creditor. Money thus coming to her from him and paid towards the farm cannot be disturbed by the bill. *Ferguson* v. *Spear*, 65 Maine, 277; *French* v. *Motley*, 63 *Id.* 326. Pension money exempt. R. S., of U. S., § 4747, 2d ed. 1878. There is no evidence showing the debt of the husband to the wife was not genuine, and one which he had a right to pay as against creditors.

WHITEHOUSE, J.   This is a bill in equity, in which a creditor asks that real estate, conveyed to a wife but alleged to have

been paid for by her husband, be made available for the payment of a judgment recovered against the husband prior to the purchase of such real estate.

The cause was heard by a single justice sitting in equity and a decree rendered in favor of the plaintiff in accordance with the form suggested by the court in *Sampson* v. *Alexander*, 66 Maine, 185. The case now comes to this court by appeal from that decree.

The decision of a single justice upon matters of fact, in an equity hearing, should not be reversed unless it clearly appears that such decision is erroneous; and the burden to show the error falls upon the appellant. *Young* v. *Witham*, 75 Maine, 536; *Paul* v. *Frye*, 80 Maine, 26.

The allegations in the plaintiff's bill sufficiently meet the substantial requirements of the statute, as well as the principles of equity and rules of procedure established by the recent decisions of this court. *Sampson* v. *Alexander*, *supra;* *Call* v. *Perkins*, 65 Maine, 439; *Hamlen* v. *McGillicuddy*, 62 Maine, 268; *Gray* v. *Chase*, 57 Maine, 558; *Winslow* v. *Gilbreth*, 50 Maine, 90.

The proof fully sustains the allegations. The consideration of the conveyance of the farm to the wife with a small amount of personal property, was twelve hundred dollars; and it was not in controversy that the whole amount paid was nine hundred dollars derived from the money received by the husband as a pensioner of the United States, the wife's note, secured by mortgage being given for the balance of the consideration. But in view of the decision in *Friend* v. *Garcelon*, 77 Maine, 25, it is not claimed that the federal statute respecting the exemption of pension money from attachment affords the defendants any protection in this case. It is contended, however, that this sum of nine hundred dollars had been received by the wife from her husband in payment of a prior indebtedness to her, and was her property when invested in the farm. But the only basis of this pretended indebtedness disclosed by the evidence is the alleged interest of the wife in the proceeds from the sale of poultry, butter, cheese and dried apples produced by

the joint labor of husband and wife on places rented by the husband prior to the purchase of the farm in question. By the well settled principles of the common law such earnings are the property of the husband, and there is no statute in this State making any part of them the property of the wife. This contention is, therefore, wholly without merit. *Sampson* v. *Alexander, supra,* and cases cited.

The appellant not only fails to show that the decision of the presiding justice was clearly wrong, but it affirmatively appears that his decision was clearly right.

*Decree below affirmed with costs.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and HASKELL, JJ., concurred.